UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONITA HUDSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>　　　　　　Defendant.<br>_____/ | Civil Action No.: 18-12124<br>Honorable Stephen J. Murphy, III<br>Magistrate Judge Elizabeth A. Stafford |

### REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 15, 16]

Plaintiff Donita Hudson, proceeding *pro se*, appeals a final decision of Defendant Commissioner of Social Security denying her application for Supplemental Security Income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B).  After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Hudson's motion [ECF No. 15] be **DENIED**;

- the Commissioner's motion [ECF No. 16] be **GRANTED**; and

- the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Background and Disability Applications

Born April 30, 1978, Hudson was almost 38 years old when she filed for SSI on April 1, 2016. [ECF No. 13-5, Tr. 204]. She had no past relevant work. [ECF No. 13-2, Tr. 17]. Hudson alleges that she is disabled from anxiety and depression, and alcohol abuse. [ECF No. 13-6, Tr. 235].

After the Commissioner denied her disability application, Hudson requested a hearing, which took place in July 2017, and during which she and a vocational expert (VE) testified. [ECF No. 9-2, Tr. 24-59]. In an October 2017 written decision, the ALJ found Hudson to be not disabled. [*Id.*, Tr. 11-19]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Hudson timely filed for judicial review. [*Id.*, Tr. 1-3; ECF No. 1].

### B. The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Hudson was not disabled. At the first step, he found that Hudson had not engaged in substantial gainful activity since her application date. [ECF No. 13-2, Tr. 14]. At the second step, the ALJ found that Hudson had the severe impairments of major depressive disorder and personality disorder. [*Id.*, Tr. 14]. Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*].

Between the third and fourth steps, the ALJ found that Hudson had the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. [*Id.*, Tr. 15]. "The claimant requires simple, routine tasks with occasional contact with the general public, coworkers, and supervisors. The claimant requires minimal changes in the work setting, and is limited to self-paced work (no production quotas or assembly line work). The claimant cannot work as a team leader." [*Id.*]. At the fourth step, the ALJ noted that Hudson had no past relevant work. [*Id.*, Tr. 17]. At the final step, after considering Hudson's age, education, work experience, RFC and the testimony of the VE, the ALJ determined that Hudson could perform jobs that were in significant numbers in the national economy, including cleaner, bench assembler and inspector. [*Id.*, Tr. 18].

4

## II.     ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Hudson bears the burden of showing that she required a more restrictive RFC. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). In a letter the Court has construed as a motion for summary judgment, Hudson asks the Court to reverse the ALJ's decision, but she alleges no specific reversible error nor cites any evidence in the record. [ECF No. 15]. The Commissioner's motion asserts that the ALJ's decision is supported by substantial evidence.

The Commissioner first notes that the opinion of state agency consultant Linda Upton, Ph.D., did not recommend a more restrictive RFC than that assessed by the ALJ. [ECF No. 13-3, Tr. 129-32]. In fact, the ALJ found that Hudson was more limited in her activities of daily living and adaptive functioning than Dr. Upton. [ECF No. 13-2, Tr. 17; ECF No. 13-3, Tr. 129, 132]. An ALJ may rely on a state agency expert's opinion. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 274-75 (6th Cir. 2015).

The Commissioner also cites records stating that Hudson's concentration was "fair." [ECF No. 13-9, Tr. 410, 413, 416, 419, 422, 425]. In January 2017, Hudson reported that her mood was "alright," denied any new concerns and complaints and stated that her depression "comes and goes." [*Id.*, Tr. 421]. And treatment records showed no impairment of recent and remote history. [*Id.*, Tr. 410, 416, 422, 425].

The ALJ relied in part on the many treatment notes stating that Hudson was not taking her medication, sometimes for weeks. [*Id.*, Tr. 409 (ten days), 412 (one month), 415 (ten days), 418 (one month), 421 (seven weeks)]. The ALJ was permitted to consider Hudson's lack of compliance with her prescribed medical treatment. *See Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 789 (6th Cir. 2017), *aff'd,* 139 S. Ct. 1148 (2019) (ALJ reasonably interpreted lack of compliance with prescribed treatment as

6

undermining claimant's credibility about the severity of his condition). And the ALJ noted Hudson's activities of daily living, including that she prepares her own meals, cleans her apartment, does laundry, grocery shops, uses public transportation and watches television. [ECF No. 13-2, Tr. 14, 30-33, 41, 49]. But the ALJ acknowledged that Hudson has difficultly completing tasks, and thus found that she had a moderate limitation in adaptive functioning. [*Id.*, Tr. 15].

Treating psychiatrist Julie Ford, M.D., opined in March 2016 that Hudson "was unable to participate in the daily work force for at least a two month period when she will be evaluated." [ECF No. 13-7, Tr. 287]. The ALJ gave this opinion little weight because Dr. Ford provided no function-by-function assessment of Hudson's abilities. [ECF No. 13-2, Tr. 17]. This was not error.

The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions about the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry,* 741 F.3d at 723, 727-29; Rogers, 486 F.3d at 242-43. "Yet a treating physician's opinion is only entitled to such special attention and deference when it is a *medical opinion.*" Turner v.

*Comm'r of Soc. Sec.*, 381 F. App'x 488, 492-93 (6th Cir. 2010) (citing §§ 404.1527(d), 416.927(d)) (emphasis in original). "Medical opinions" are statements "that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." § 416.927(a)(1). And an ALJ need not give special weight to a treating physician's opinion that a claimant is "disabled" or "unable to work," as those issues are reserved to the Commissioner. *Turner*, 381 F. App'x at 493. The ALJ need only "explain the consideration given to the treating source's opinion." *Id.* (citing Soc. Sec. Rul. 96–5p, 61 Fed. Reg. at 34474; *Bass*, 499 F.3d at 511) (internal quotation marks omitted). The ALJ complied with that requirement here.

For these reason's the ALJ's decision is supported by substantial evidence and complied with the regulations. Hudson's motion is essentially a request for the Court to reweigh the evidence, which is not permitted. *Cutlip v. Sec. of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (noting that, if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the

8

opposite conclusion.") (citations omitted). Thus, the ALJ's decision should be affirmed.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Hudson's motion for summary judgment [ECF No. 15] be **DENIED**; that the Commissioner's motion [ECF No. 16] be **GRANTED**; and that the Commissioner's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

|  |  |
|---|---|
| Dated: May 21, 2019 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of*

9

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2019.

                                                      s/Marlena Williams
                                                      MARLENA WILLIAMS
                                                      Case Manager