UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONITA HUDSON,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

                             /

Case No. 2:18-cv-12124

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
OVERRULING OBJECTIONS [18], ADOPTING
REPORT AND RECOMMENDATION [17], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15], AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]**

The Commissioner of the Social Security Administration ("SSA") denied the application of Donita Hudson for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). After the SSA Appeals Council declined to review the ruling, Hudson appealed. ECF 1. The Court referred the matter to Magistrate Judge Elizabeth A. Stafford, and the parties filed cross-motions for summary judgment. ECF 3, 15, 16. The magistrate judge issued a Report and Recommendation ("Report") advising the Court to deny Hudson's motion and grant the Commissioner's motion. ECF 17. Hudson filed timely objections to the Report. ECF 18. After examining the record and considering Hudson's objections de novo, the Court concludes that her arguments lack merit. The Court will

therefore overrule the objections, adopt the Report, deny Hudson's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The Report properly details the events giving rise to Hudson's action against the Commissioner. ECF 17, PgID 501–03. The Court will adopt that portion of the Report.

## LEGAL STANDARD

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the Commissioner of Social Security may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

1997) (citations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys. – Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

Hudson raises two objections. The Court will address each in turn.

I. <u>Objection 1</u>

First, Hudson objects to the proposed finding that she "could perform jobs that were in significant numbers in the economy including bench assembler and inspector." ECF 18, PgID 510. Hudson then provides her own assessment for why she currently does not think it "would be good for [her] to be engaging in the work force." *Id.* at 511. But Hudson does not contest the magistrate judge's analysis or any proposed factual findings. *Id.* Non-specific objections to a magistrate judge's report and recommendation are improper and do not require de novo review. *See Jidas v. Comm'r of Soc. Sec.*, No. 17-cv-14198, 2019 WL 1306172, at *1–2 (E.D. Mich. Mar. 2, 2019). The Court therefore need not review the Report de novo.

3

Regardless, the magistrate judge was correct in determining that the ALJ's finding that there were jobs existing in significant numbers that Hudson could perform was supported by substantial evidence. The only evidence in the record supporting a finding that Hudson was unable to work was a letter from her treating physician opining that Hudson "is currently unable to participate in the daily work force for at least a [two-]month period when she will be re-evaluated." ECF 13-7, PgID 326. As the magistrate judge noted, "a treating physician's opinion is only entitled to" controlling weight "when it is a medical opinion." *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 492–93 (6th Cir. 2010) (citations omitted). When, instead, a treating physician "submits an opinion on an issue reserved to the Commissioner" such as whether the claimant is "unable to work," then "the opinion is not entitled to any particular weight." *Id.*

Further, there was evidence in the record contradicting the treating physician's bare conclusion. For example, Hudson testified at her administrative hearing that she lives on her own in an apartment, goes grocery shopping, sometimes prepares her own meals, sometimes cleans her own apartment, and does her own laundry, although her boyfriend helps her out with these tasks. ECF 13-2, PgID 64–67. She also testified that she declined an increase in her medication dosage because she "was fine." *Id.* at 72–73. Treatment records demonstrate that Hudson consistently showed "fair attention/concentration." ECF 13-9, PgID 451, 454, 457, 460, 463, 466. Given the evidence, even if Hudson had properly objected to the Report, the Court

4

would overrule her objection regarding a finding that there are significant jobs she could perform. The Court will therefore overrule Hudson's first objection.

II. <u>Objection 2</u>

Second, Hudson objects to the ALJ's partial reliance on the fact that, on various occasions, Hudson did not take her medication for weeks or a month at a time. ECF 18, PgID 511. Because she objects to the ALJ's finding, rather than to a specific portion of the Report, Hudson's second objection is also improper.

And again, even if the Court were to review the ALJ's finding regarding Hudson's failure to take her medication, the Court would come to the same conclusion as the magistrate judge and grant the Commissioner's motion for summary judgment. Hudson explains her reasons for not taking her medication and takes issues with inferences the ALJ drew from her actions. *Id.* at 511–12. But the Court does not "try the case de novo" and may not "decide questions of credibility." *Cutlip*, 25 F.3d at 286. The Court will therefore not reexamine the credibility determination that the ALJ made regarding the time periods during which Hudson failed to take her medication.

Finally, within her second objection, Hudson includes a plea to the Court to grant her some amount of benefits because she is unable to see her children, has no income, is depressed, and has to rely on her boyfriend and mother for financial support. ECF 18, PgID 512–13. Although the Court sympathizes with Hudson's situation, none of her mentioned hardships are legal grounds on which the Court can overturn the judgment of the ALJ. The Court will therefore overrule Hudson's second objection.

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Hudson's objections. The Court finds Hudson's objections unconvincing and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Hudson's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Hudson's objections [18] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Hudson's motion for summary judgment [15] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [16] is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 27, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 27, 2019, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager